[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{para;1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{para;2} Appellant Shawn Williams appeals his convictions of vehicular assault and failure to stop after an accident and exchange identity and vehicle registration. Williams, while driving Monique Johnson's sport utility vehicle, ran a red light and hit a pedestrian. Williams was driving under a suspended license. The pedestrian was severely injured. A witness to the accident called for emergency assistance. He testified that he saw a large, dark blue Suburban, containing a male driver and a female passenger, run a red light and hit the victim. He said that the Suburban did not attempt to stop before hitting the victim.
{para;3} Johnson testified that she was a passenger in her vehicle. According to her testimony, the victim appeared in the street "from nowhere." Williams tried to swerve, but the victim moved in the same direction as the vehicle and was struck by the front passenger side of the Suburban. Johnson asked Williams to stop, but he continued the two blocks to Johnson's home. They then returned to a block away from the accident scene, where they observed that the police had arrived. They returned to Johnson's home and went to bed.
{para;4} Johnson and Williams concocted a story that her Suburban had been stolen. When she realized that the police did not believe her, she told them that Williams had been driving her Suburban and had hit the pedestrian. Two other witnesses testified that shortly before the accident, Williams had been driving the Suburban.
 {para;5} Williams and the mother of his child both testified that he had been at her house at the time of the accident.
{para;6} In his sole assignment of error, Williams challenges both the weight and sufficiency of the evidence sustaining his conviction. Although raised as one assignment, this court reviews the challenges under different standards because "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."[1] The relevant query in addressing a sufficiency-of-the-evidence challenge is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] This issue raises a question of law, precluding a reviewing court from resolving evidentiary conflicts or substituting its evaluation of credibility for the jury's.[3] In contrast, a challenge to the weight of the evidence requires a reviewing court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and to determine whether the jury clearly lost its way and created a manifest miscarriage of justice.[4]
{para;6} Williams argues that he did not prevail at trial because his only alibi witnesses were himself and the mother of his child, and the evidence against him was largely circumstantial. Relying on the standards of review as applied to the evidence submitted at trial, we conclude Williams's assignment has no merit and overrule it.
{para;7} Therefore, the judgment of the trial court is affirmed.
{para;8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{para;9} Sundermann, P.J., Doan, and Painter, JJ.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superceded by state constitutional amendment on other grounds in State v. Smith, 80 Ohio St.3d 89,1997-Ohio-355, 684 N.E.2d 668.
[3] See State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819
superceded by state constitutional amendment on other grounds in Statev. Smith, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668.
[4] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.